**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL JONES** | : | **CIVIL ACTION** |
| *Petitioner-pro se* | : | |
| | : | **NO. 16-1265** |
| **v.** | : | |
| | : | |
| **THERESA DELBALSO,** *et al.* | : | |
| *Respondents* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                          JANUARY 18, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

  Petitioner Michael Jones ("Petitioner"), a Pennsylvania state prisoner acting *pro se,* filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254, in which he asserted claims of ineffectiveness of counsel, prosecutorial misconduct, and judicial error.  [ECF 1].  In accordance with Title 28 U.S.C §636(b) and Local Civil Rule 72.1.IV(c), the petition was referred to United States Magistrate Judge Linda K. Caracappa for a *Report and Recommendation* ("R&R").  [ECF 2].  On August 31, 2016, the Magistrate Judge issued an R&R, which recommended that the petition for a writ of *habeas corpus* be denied.  [ECF 9]. Petitioner timely filed objections to the R&R.  [ECF 12].  Thus, this matter is ripe for a *de novo* determination of the objections to the R&R.

  After a thorough and independent review of the state court record and court filings, for the reasons stated herein, Petitioner's objections are overruled, the R&R is approved and adopted, and the petition for a writ of *habeas corpus* is denied.

**BACKGROUND**

On April 7, 2012, following a jury trial, Petitioner was convicted of burglary. The facts underlying his conviction were summarized by the trial court and quoted in the R&R as follows:

> At trial, the Commonwealth presented the testimony of Philadelphia Police Officer Anthony Berry, Michael McGeehan, Alberta Scheerer, Jennifer Malloy, Detective Andrew Danks, and James Ryan. Defendant presented the testimony of Takisha Miller and Timothy Hoppes. Viewed in the light most favorable to the Commonwealth as the verdict winner, their testimony established the following.
>
> On May 29, 2009, Alberta Scheerer was at her home, located directly behind 4413 McMenamy Street in Philadelphia. N.T. 4/6/2010 at 48, 71. At approximately 10 a.m., Ms. Scheerer looked out of her upstairs bedroom window and noticed defendant, whom she did not recognize, standing in the backyard of her neighbor, Michael McGeehan. N.T. 4/6/2010 at 29, 49–50. Ms. Scheerer continued to watch defendant through the window, and a couple of minutes later, defendant went to the side of 4413 McMenamy Street, forced open one of the windows, and climbed inside the house. N.T. 4/6/2010 at 32, 51–52.
>
> Ms. Scheerer then ran down the stairs inside her home and alerted her son, Christopher Scheerer, and her son's fiancée, Jennifer Malloy, to what she had witnessed. N.T. 4/6/2010 at 53–54. Ms. Malloy went upstairs with Ms. Scheerer, while Mr. Scheerer ran outside to see if he could flag down a police officer. N.T. 4/6/2010 at 54. Ms. Malloy and Ms. Scheerer watched through the window as defendant walked around the interior of their neighbor's home. N.T. 4/6/2010 at 54–55. Outside, Mr. Scheerer located a police officer and brought him to 4413 McMenamy Street. N.T. 4/5/2010 at 41–42. As Philadelphia Police Officer Anthony Berry approached, he saw defendant trying to break a sliding glass door to get out of the home. N.T. 4/5/2010 at 44; 4/6/2010 at 73.
>
> Defendant ran out the back door of the home, jumped over the fence, and ran in the opposite direction from the Scheerer home. N.T. 4/6/2010 at 55–56. Officer Berry returned to his patrol car and circled the block, locating defendant approximately ten seconds later walking northbound up McMenamy Street. N.T. 4/5/2010 at 48, 81. Officer Berry pulled his patrol car over and asked defendant if he could talk to him. N.T. 4/5/2010 at 48–49.

2

> Defendant ran, with Officer Berry pursuing him first in his patrol car and then on foot. N.T. 4/5/2010 at 49. Officer Berry chased defendant through an apartment complex and over a fence before defendant finally hid underneath an abandoned car. N.T. 4/5/2010 at 49–51. Officer Berry drew his weapon, at which point defendant surrendered. N.T. 4/5/2010 at 51.
>
> Another police officer transported Ms. Malloy, accompanied by Mr. Scheerer, to identify defendant. From the backseat of the officer's patrol car, while defendant stood in the street, Ms. Malloy positively identified defendant as the man she saw burglarizing her neighbor's home. 4/5/2010 at 61–62. Based on Officer Berry and Ms. Malloy's identifications, defendant was arrested. N.T. 4/5/2010 at 87–88.
>
> Mr. McGeehan arrived home shortly after being notified of the burglary. N.T. 4/6/2010 at 31. He told police that a duffel bag typically filled with gym equipment and kept in his bedroom had been moved next to the back door. N.T. 4/6/2010 at 32–34, 91. Inside the duffel bag was a five-gallon water jug in which Mr. McGeehan kept between twelve hundred to fifteen hundred dollars' worth of loose change. N.T. 4/6/2010 at 33–37.

*Commonwealth v. Jones*, 2015 WL 7301799, at *4 (Pa. Super. Ct. Apr. 21, 2015).

Following his conviction, Petitioner was sentenced to a term of seven to fourteen years imprisonment. *Id.* at *3. He filed a timely post-sentence motion which the trial court denied, and a direct appeal with the Pennsylvania Superior Court, which was dismissed for Petitioner's failure to file a brief. *Id.*

On January 3, 2011, Petitioner filed a *pro se* petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), seeking reinstatement of his appellate rights. *Id.* On June 17, 2011, Petitioner's PCRA petition was granted, and his appellate rights were reinstated *nunc pro tunc*. *Id.* Petitioner then filed what was deemed a timely direct appeal. *Id.* The Pennsylvania Superior Court affirmed Petitioner's sentence on April 27, 2012. *Id.* Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On May 10, 2012, Petitioner filed a timely *pro se* PCRA. *Id*. Counsel was appointed, but subsequently filed a no merit letter, along with a motion to withdraw. *Id*. The PCRA petition was dismissed on May 29, 2014. *Id*. On April 21, 2015, the Superior Court affirmed the dismissal of the PCRA petition. *Id*. at *2. Petitioner filed a petition for allowance of appeal, which was denied by the Pennsylvania Supreme Court on October 26, 2015.

On March 16, 2016, Petitioner filed the underlying *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, [ECF 1], which was referred to the Honorable Magistrate Judge Linda K. Caracappa for a report and recommendation. [ECF 2]. After considering the parties' submissions and the underlying state court record, the Magistrate Judge submitted a well-reasoned R&R which addressed Petitioner's *habeas* claims, and recommended that the petition be denied. In his objections to the R&R, Petitioner essentially argues that the conclusion of the Magistrate Judge is wrong with respect to five of his ten *habeas* claims; *to wit*, claims one, four, seven, nine and ten. This Court disagrees and approves and adopts the R&R.

**LEGAL STANDARD**

Where objections to an R&R are filed, the court must conduct a *de novo* review of the contested portions of the R&R, *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. §636(b)(1)(C)), provided the objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In conducting its *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. §636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standards for reviewing state court judgments raised in federal *habeas corpus* petitions filed under 28 U.S.C. §2254. *Werts v. Vaughn*, 228 F.3d 178, 195 (3d Cir. 2000). AEDPA increased the deference federal courts must give to the factual findings and legal determinations of the state courts. *Id*. at 196. Thus, in accordance with §2254(d), a *habeas corpus* petition may only be granted if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

To establish that the state court decision was "contrary to" federal law, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent *requires* the contrary outcome." *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999) (emphasis in original). Similarly, a federal court may only find a state court decision to be an "unreasonable application" of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 890. "[T]he requirements of 2254(d) are difficult to meet." *Johnson v. Williams*, 133 S. Ct. 1088, 1091 (2013). This section "sharply limits the circumstances in which a federal court may issue a writ of habeas corpus to a state prisoner." *Id*. at 1094.

Further, factual determinations made by the state court are "presumed to be correct." 28 U.S.C. §2254(e)(1). A petitioner may rebut this presumption with "clear and convincing

evidence" of the state court's error. *Id*. "This presumption of correctness applies to factual determinations of both state trial and appellate courts." *Lewis v. Horn,* 581 F.3d 92, 111 (3d Cir. 2009). Consequently, a *habeas* petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

In order to seek federal *habeas* relief, however, a petitioner must first exhaust the remedies available in state court. *See* 28 U.S.C. §2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State . . ."). To meet this exhaustion requirement, a petitioner must "fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If a state court has refused or would refuse to review a claim based on a state procedural rule that is independent of the federal question and adequate to support the judgment, the court may deny that claim as procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729, 731-32 (1991); *Lark v. Sec't Pa. Dept. of Corrections*, 645 F.3d 596, 611 (3d Cir. 2011); *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004). A federal court may consider the merits of a procedurally defaulted claim only if "the petitioner establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." *Holloway v. Horn*, 355 F.3d 707, 715 n.3 (3d Cir. 2004) (quoting *Coleman*, 501 U.S. at 750).

A claim is procedurally defaulted when "a state court declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 730. Federal review of the claim, however, is available if the procedural rule that the state court applied to bar a federal claim was not "independent" and "adequate." *Albrecht v.*

*Horn*, 485 F.3d 103, 115 (3d Cir. 2007). A state procedural rule is not adequate to bar federal review on *habeas* if it was not firmly established and regularly followed by the state courts at the time it was applied. *Lark*, 645 F.3d at 611. Whether a procedural rule "was firmly established and regularly applied is determined as of the date the default occurred, and not as of the date the state court relied on it, because a petitioner is entitled to notice of how to present a claim in state court." *Albrecht*, 485 F.3d at 115.

**DISCUSSION**

Petitioner's objections to the Magistrate Judge's R&R are directed solely to five of his ten *habeas* claims; *to wit*: claims one, four, seven, nine, and ten of his petition. Petitioner's objections, however, largely reiterate the arguments he presented to, and which were thoroughly considered and rejected by the Magistrate Judge. Notably, these objections merely rehash the arguments made in the *habeas* petition, and, thus, are not entitled to *de novo* review. Notwithstanding the repetitive nature of Petitioner's objections, in the interest of judicial economy, each objection is addressed below.

***Objection One – Claims One and Nine – Ineffective Assistance of Trial Counsel for Failing to Submit a Brief and/or Argument on the Issue of Cross-Racial Identification***

Petitioner objects to the Magistrate Judge's rejection of claims one and nine of his *habeas* petition on two bases. First, he contends that the Magistrate Judge incorrectly treated claims one and nine as being the same claim. Petitioner's objection in this respect is without merit. In his *habeas* petition, Petitioner stated these two claims as follows:

> 1. Ineffective Counsel Claim. The lower court erred by not applying a new rule of law: *Commonwealth vs. Walker*, 92 A.3d 776 (2014), despite the fact that PCRA counsel mistakenly claimed that trial counsel (Thomas Connelly) was ineffective for not submitting a written brief on "Cross Racial Identification." Therefore, petitioner was automatically entitled to have the aforementioned new rule of constitutional law applied in his case.

7

> ***
>
> 9. Ineffective counsel. The lower Court erred and denied Appellant his rights under Article 1 sec. 9 of the Pennsylvania Constitution and the 6th and 14th Amend. Of the U.S. Constitution by finding that counsel was not ineffective for failing to submit written argument to the trial court related to cross racial identification. Still the lower Court erred for not applying the new rule of law to Appellants in *Commonwealth v. Benjim Walker*, 92 A.3d 766 (Pa. 2014). Appellant was entitled to a Frye hearing.

(Pet's Memo of Law in Support of Habeas Corpus at pp. 2-3). A comparative reading of these two claims, as stated by Petitioner in his own filings, reveals that they are essentially the same, and dependent on the same legal analysis with respect to claims for ineffective assistance of counsel. As such, the Magistrate Judge's treatment of them together was not erroneous.

The claims themselves, as presented, are without merit. Under the ineffective assistance of counsel analysis set forth by the Supreme Court, counsel is presumed to have acted effectively unless the petitioner demonstrates both that "counsel's representation fell below an objective standard of reasonableness," and that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 686-88 (1984). Here, Petitioner argues that his trial counsel was ineffective for failing to file a brief or present argument for expert testimony on the reliability of eyewitness testimony. At the time of Petitioner's trial, however, expert testimony on eyewitness identification was *per se* inadmissible under Pennsylvania law. *See Commonwealth v. Walker*, 92 A.3d 766, 769 (Pa. 2014). Trial counsel is not, nor can he be, ineffective for failing to predict future changes in the law. *See Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (holding that "counsel's decision not to raise an issue unsupported by then-existing precedent did not constitute ineffective assistance.").

Therefore, Petitioner has not shown that his trial counsel was ineffective with respect to the issue of cross-racial identification.

Petitioner further argues that the state courts "erred for not applying a new rule of law to Appellant that the State Supreme Court just made a sound ruling in the *Commonwealth vs. Benjimwalker*, 92 A.3d Pa. 2014, that deals with cross-racial identification." (Objections at 1). As characterized in Petitioner's objection, however, this claim was never presented to nor addressed by the state courts.

A review of the state court record reveals that the only claim with respect to cross-racial identification that Petitioner raised before the state courts was that asserted in his second PCRA petition, which Petitioner pled as follows:

> 6.  Petitioner was denied his right under Article 1 §9 of the Constitution of the Commonwealth of Pennsylvania and the Sixth Amendment to the federal Constitution of the United States of America to ineffective [sic] assistance of counsel by counsel failing to submit a minibrief to the lower courts to argue cross racial identification when it's sound case law to back it.

(Petitioner's May 10, 2012, PCRA Petition, State Record D24). On appeal to the Superior Court, Petitioner again pled this claim in his Concise Statement of Matters Complained of on Appeal as follows:

> VI.  The P.C.R.A. Court erred and denied Appellant his rights under Article 1 sec. 9 of the Pennsylvania Constitution and the Sixth and Fourteenth Amendments of the U.S. Constitution by finding that counsel was not ineffective for failing to submit written argument to the trial court citing case law related to cross racial identification.

(Appellant's Concise Statement of Matters Complained of on Appeal, State Record D40). This claim, pled by Petitioner as one for ineffective assistance of counsel, was addressed and rejected by the Superior Court. *See Jones*, 2015 WL 7301799, at *12. As such, the only claim with

respect to cross-racial identification that was exhausted was that of ineffective assistance of counsel. Petitioner did not exhaust the substantive cross-racial identification claim he purports to assert now, and the time for doing so has passed. As such, this claim is procedurally defaulted.

Moreover, even if this claim had been properly exhausted and/or Petitioner could overcome his procedural default of the claim, the claim is not cognizable on federal *habeas* review. In *Commonwealth v. Walker*, 92 A.3d 766 (Pa. 2014), the Pennsylvania Supreme Court addressed the question of "whether a trial court may, in its discretion, permit expert testimony in the area of eyewitness identification, and, in doing so, we reconsider our current decisional law which absolutely bans such expert testimony." *Id*. at 769. In *Walker*, the Pennsylvania Supreme Court changed Pennsylvania law by holding that expert testimony regarding eyewitness identification was no longer *per se* impermissible, leaving the admissibility of such expert testimony to the discretion of the trial court. *Id*. The court explicitly noted that, in light of its decision, it "need not presently address Appellant's one-page argument regarding a constitutional right to present expert testimony in these circumstances under the Sixth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution." *Id.* at 793 n.12. While the Pennsylvania Supreme Court's holding in *Walker* changed Pennsylvania law with respect to expert testimony regarding eyewitness identifications, the decision was not premised on any change in federal Constitutional law. As such, this purported change of state law cannot be the basis of federal *habeas* relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (reiterating that "federal *habeas corpus* relief does not lie for errors of state law"); 28 U.S.C. §2254(a) (allowing *habeas* relief only where person is in custody "in violation of the Constitution or laws or treaties of the United States").

*Objection Two – Claim Seven – Ineffective Assistance of Counsel for Failing to Challenge the Inherently Suggestive Show-Up Identification by Eyewitness Jennifer Malloy*

Here, Petitioner generally objects to the Magistrate Judge's rejection of his seventh claim, in which he asserted that his trial counsel was ineffective for failing to challenge the alleged inherently suggestive show-up identification made by Jennifer Malloy prior to Petitioner's suppression hearing. As correctly found by both the Magistrate Judge and the state courts, Petitioner's trial counsel *did* challenge Ms. Malloy's identification of Petitioner. Thus, any claim that trial counsel was ineffective for not challenging the identification is misguided and lacks merit. Petitioner's objection, therefore, is overruled.

*Objection Three – Claim Four – Ineffective Assistance of Counsel for Failing to Request a Lineup with Eyewitness Alberta Sheerer*

Petitioner again generally objects to the Magistrate Judge's rejection of his fourth claim, in which he asserted that his trial counsel was ineffective for failing to request a lineup for eyewitness Alberta Sheerer, which allegedly resulted in an unduly suggestive, in–court identification. In her R&R, the Magistrate Judge concluded that the state courts reasonably rejected this claim because Petitioner could not show that, but for counsel's failure to request a lineup, the outcome of the trial would have been different. This Court agrees.

When addressing the merits of ineffective assistance of counsel claims on *habeas* review, the "clearly established federal law" applicable to such claims is the familiar two-pronged inquiry articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To sustain a claim for ineffective assistance of counsel, a petitioner must show that counsel's performance was objectively deficient and that this deficient performance prejudiced the defense. *Id*. at 687. Prejudice has been defined as a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*.; *see also Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) ("[A] petitioner must demonstrate a reasonable

probability that, but for the unprofessional errors, the result would have been different."). The court must defer to counsel's tactical decisions, avoiding "the distorting effects of hindsight," and give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689; *Gov't of the Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1431 (3d Cir. 1996).

In addressing Petitioner's specific claim of ineffective assistance of counsel, the Superior Court (adopting the opinion of the PCRA court) applied the governing test for ineffective assistance of counsel claims announced in *Commonwealth v. Pierce,* 527 A.2d 973 (Pa. 1987). *See Jones*, 2015 WL 7301799, at *6-7. The Third Circuit Court of Appeals has determined that the *Pierce* test conforms to established federal law and is "not contrary to the *Strickland* test." *Rompilla v. Horn*, 355 F.3d 233, 250 (3d Cir. 2004); *Henderson v. DiGugliemo*, 138 F. App'x 463, 468 (3d Cir. 2005); *Werts*, 228 F.3d at 203 (recognizing that the *Pierce* test as materially identical to the *Strickland* test). Therefore, the PCRA Court's decision, which was affirmed by the Superior Court, is not "contrary to" the test established in *Strickland*.

The dispositive question, therefore, becomes whether the Superior Court's decision reflects an unreasonable application of the *Strickland* test. To carry his burden, Petitioner must demonstrate that the state court's decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under [*Strickland*]." *Werts v. Vaughn*, 228 F.3d 178, 197 (3d Cir. 2000).

In addressing Petitioner's claim that trial counsel was ineffective for failing to request a line-up with Ms. Sheerer which resulted in an unduly suggestive in-court identification, the Superior Court found that the totality of the circumstances demonstrated that Ms. Sheerer's in-court identification of Petitioner was reliable and was based on her independent observation of Petitioner. It also found that Petitioner had not shown that had trial counsel requested the lineup,

12

the outcome of the trial would have been different. In support of its conclusions, the Superior Court wrote:

> Here, the totality of the circumstances clearly demonstrates that Ms. Sheerer's in court identification of defendant flowed from the independent observations which she made only five days prior to the preliminary hearing. At the preliminary hearing, Ms. Scheerer testified that on the morning of May 29, 2009, she witnessed defendant stand in her neighbor's yard, then force his way into her neighbor's home. N.T. 6/4/09 at 19. Ms. Scheerer positively identified defendant as the individual who broke into her neighbor's home only five days earlier. N.T. 6/4/09 at 20. As defendant stood in the yard, Ms. Scheerer had a clear look at defendant's face. N.T. 6/4/09 at 23, 26, 28. Ms. Scheerer, therefore, had a clear view of defendant as he committed the crime, was recalling it shortly afterwards, and was confident in her identification. Accordingly, the record establishes that Ms. Scheerer's identification of defendant was reliable, and therefore, her identification testimony did not violate defendant's due process rights.
>
> Moreover, the record establishes that even if counsel had requested a lineup, and had that request been granted, there is not a reasonable probability that the outcome of the trial would have been different. Because Ms. Scheerer's identification was highly reliable, it is unlikely that she would have failed to make an identification at a lineup. Moreover, in addition to Ms. Sheerer's identification, defendant was also identified as the perpetrator at trial by Officer Berry, who arrested defendant only moments after viewing defendant inside McGeehan's home. N.T. 4/5/10 at 45–52. Finally, defendant was identified by Malloy via an in person show up identification moments after defendant was apprehended as well as at trial. N.T. 4/6/10 at 73, 77. Accordingly, the record establishes that counsel's failure to request a line up did not deprive defendant of effective assistance of counsel as defendant cannot show that he was prejudiced by the lack of a line up identification by Ms. Sheerer.

*Jones*, 2015 WL 7301799, at *7.

As set forth above and in the R&R, in rejecting this claim the state courts correctly considered the "totality of the circumstances" to determine whether Ms. Sheerer's in-court identification of Petitioner was reliable and based upon her independent observations of

13

Petitioner, as required by applicable Supreme Court precedent. *See Manson v. Brathwite*, 432 U.S. 98, 114 (1977); *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972). In light of Ms. Sheerer's observation of Petitioner as the burglary was unfolding, the state courts' conclusion that Ms. Sheerer's identification of Petitioner was premised on her independent observations was not an unreasonable application of governing Supreme Court precedent. As such, Petitioner's trial counsel could not be deemed ineffective for having failed to request a lineup identification for Ms. Sheerer. In addition, in light of the other eyewitnesses' identification of Petitioner as the perpetrator, cited by the state courts, Petitioner has not shown, nor could he, that had his trial counsel requested a lineup identification for Ms. Sheerer, the outcome of the trial would have been different.

In light of the state courts' stated reasoning and findings, this Court opines that the state court correctly applied *Strickland* to the facts of Petitioner's case in an objectively reasonable manner. Thus, Petitioner has failed to meet the strict standard necessary for *habeas* relief on this basis.

### *Objection Four – Claim Ten – Ineffective Assistance of PCRA Counsel for Failing to Preserve Claim Against Sentencing Counsel*

Petitioner again objects only generally to the Magistrate Judge's conclusions with respect to his tenth claim, in which he asserts that his PCRA counsel was ineffective for failing to preserve a claim against his sentencing counsel. The Magistrate Judge found this claim to be procedurally defaulted. In his objections, Petitioner merely repeats his substantive arguments with respect to this claim, but directs no argument towards the Magistrate Judge's finding that this claim was procedurally defaulted. Because this Court agrees that the state courts never considered this claim because it was subject to state procedural bars, the claim is procedurally defaulted. Moreover, it is well-settled that claims of ineffective assistance of PCRA counsel are

14

not cognizable on *habeas* review.  See 28 U.S.C. §2254(i) ("The ineffectiveness . . . of counsel during . . . State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Coleman*, 501 U.S. at 725 (holding that "[b]ecause there is no constitutional right to an attorney in state post conviction proceedings . . . a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.").

Without offering any substantive argument, Petitioner appears to suggest, however, that this procedurally defaulted claim is somehow subject to the narrow exception set forth in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  Petitioner's reliance on *Martinez* is misplaced.

In *Martinez*, the United States Supreme Court carved out a "narrow exception" to the well-established rule that alleged errors by post-conviction counsel cannot be the basis for showing "cause" for a procedural default because there is no federal constitutional right to counsel on post-conviction review.  *Id*. at 1315, 1319.  The *Martinez* Court held that where state law requires that claims of ineffective assistance of trial counsel be raised for the first time in a collateral proceeding, a federal *habeas* petitioner may be able to establish "cause" sufficient to overcome a procedural default of a "substantial" claim of trial counsel's ineffectiveness if the collateral counsel was ineffective.  *Id*.  Thus, a petitioner "may establish cause for the procedural default of an ineffective assistance of counsel claim by demonstrating that his or her counsel in an 'initial-review collateral proceeding' provided ineffective assistance of counsel."  *Jones v. Pa. Bd. of Prob. & Parole*, 492 F. App'x. 242, 244 (3d Cir. 2012) (citing *Martinez*, 132 S. Ct. at 1315).  One such "initial-review collateral proceeding" is at the PCRA petition stage where appointed counsel provides constitutionally ineffective assistance in failing to assert a claim that should have been raised. *See Martinez,* 132 S. Ct. at 1318 (citing *Strickland*, 466 U.S. 668).

Although *Martinez* serves as a potential basis for establishing "cause and prejudice" to excuse a procedural default, the default can only be overcome if Petitioner demonstrates "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1318. Petitioner has not made that showing here. Indeed, the bald invocation of *Martinez* in his objections, without any facts or argument to support its applicability in this context, does not satisfy the burden of showing that the underlying constitutional claim had merit. Thus, *Martinez* cannot serve as the basis for establishing "cause and prejudice" to excuse Petitioner's procedural default.

**CONCLUSION**

For the reasons stated herein, Petitioner's objections to the Report and Recommendation lack merit and are overruled. Consequently, the Report and Recommendation is approved and adopted, and Petitioner's *pro se* petition for a writ of *habeas corpus* is denied. In addition, because reasonable jurists would not debate this Court's disposition of Petitioner's claims, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.